In the Matter of the Claim of JUNE TABER, on Behalf of Herself and GAIL L. TABER, an Infant, Respondent, against TABER MOTOR COMPANY, INC., Respondent, and (AMERICAN) LUMBERMENS MUTUAL CASUALTY CO. OF ILLINOIS, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal solely by an insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow of a deceased employee. The issues involved are coverage by appellant's insurance policy and whether the work decedent was performing at the time of the accident came within the purview of the Workmen's Compensation Law. The employer owned a garage at Cato, N. Y., where it sold, serviced and repaired cars, trucks and appliances of various kinds, such as washing machines, refrigerators and miscellaneous equipment. There is evidence in the record, which the board could credit, that the employer kept in stock and sold pipe couplings which ordinarily would be bought in a hardware store or plumbing establishment. The employer also owned a farm which was operated as a separate establishment for the purpose of demonstrating and trying out farm machinery and equipment. Decedent was secretary and treasurer of the employer corporation but he was also employed as its assistant manager. On November 20, 1948, the president of the employer was engaged in supervising the laying of pipe between the farm mentioned and an adjacent highway. Decedent was directed to go to the garage at Cato and get a pipe coupling or adapter. The right size was not found there and he was directed to go elsewhere. He purchased the coupler at Weedsport, a nearby town, and on his return met with a fatal automobile accident. Appellant's policy gave the location of the employer's premises as being at East Main Street, Cato, N. Y., but it extended the coverage to " Operations not on the premises ". Clearly this referred to operations appurtenant to the business conducted at the garage. It is equally clear that it was permissible to draw from the evidence in the record the inference that decedent was acting in the course of his employment on a mission appurtenant to the business conducted at the garage at the time he met with a fatal accident. Even if it be conceded, *arguendo,* that an inference might be drawn the other way, i.e., that he was engaged on a farm mission, the choice on this record was for the board. Neither inference may be found as a matter of law. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.